Shaw C. J.
delivered the opinion of the Court. The first question presented is a question of fact, whether the book in controversy is the church record, or a private memorandum, kept by Dr. Puffer for his own information. It appears that during the whole time it was kept, Dr. Puffer was the minister of the parish and pastor of the church, that the book was kept wholly or principally by him, and that the pastor is the proper officer to keep such a record. On inspection, it appears to be a regular statement, in proper form for a record, of the admission of members, the choice of officers, and the transaction of the ordinary business of the church. We must take notice of a usage so general as that of a church to keep a record. It is also to be considered, that the law recognises the existence and organization of a church, as an aggregate body, takes notice of its acts and doings, and annexes thereto various civil rights and powers. It is in virtue of this organization and these proceedings, that deacons are elected; and being thus *503 elected, they are empowered and qualified by the law to sue as a corporation. The law therefore does, by necessary implication, authorize and require a church, by a proper officer, to keep some record of its acts. We are therefore satisfied, that a record of the proceedings of the church of Berlin was kept; and as the book produced bears all the marks of being such record, and as no other was kept, we are satisfied that the book in question is the record of that church.[1]
We are also satisfied by the same considerations, that the book was originally purchased for or given to the church, for the purpose for which it was used ; that it was kept by Dr. Puffer as an officer of the church for their use, and not for himself; and that therefore, by force of the statute vesting the property of all grants and donations of real and personal estate, made to the church, in the deacons, the legal property was in those persons who were rightfully and legally the deacons of the Congregational church of Berlin, when this action was brought.
The remaining question is, whether11 the plaintiffs are those deacons ; and upon the facts stated we think they are. They are the deacons of the church connected with the Congregational Society of which Dr. Puffer was the minister and pastor, and which has not ceased to be the same church, although a majority of its members have withdrawn. The case is not to be distinguished from that of Stebbins v. Jennings, 10 Pick. 172.[2]

Defendant defaulted.

 See Fourth. Parish in West Springfield v. Root, 18 Pick. 320.

 See Rev. Stat. c. 20, § 39 et seq. An action of trover or replevin may be maintained for the recovery of the parish records, in the name cf the parish. First Parish in Sudbury v. Stearns, 21 Pick. 148

Haskell v. Haven, 3 Pick. 404; Scott v. Dickinson, 14 Pick. 276; Leach v Hill, 3 Metc. 173; Niles v. Hancock, ibid. 568; Bussey v. Briggs, 2 Metc. 132 Brown v. Putnam, ibid. 271; Agry v. Betts, 3 Fairf. 415; Black v. Ballard 1 Shepl. 239.